**Donald R. HOOKER, Petitioner,**

v.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, Hon. Leon R. Yankwich, United States District Judge, Respondent.**

**No. 21836.**

United States Court of Appeals
Ninth Circuit.

June 16, 1967.

Rehearing Denied Aug. 1, 1967.

Donald R. Hooker, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Richard Tanzer, Deputy Atty. Gen., Los Angeles, Cal., Leon R. Yankwich, U. S. District Judge, Los Angeles, Cal., for appellee.

Before MERRILL, KOELSCH and DUNIWAY, Circuit Judges.

MERRILL, Circuit Judge:

The District Court for the Central District of California has adopted a local rule relating to the form to be taken by petitions for habeas corpus.[1] Implementing that rule, the court has prepared a mimeographed blank form of petition (together with instructions for its completion) which is supplied to those seeking relief and is designed to elicit (and isolate from argument) all relevant facts upon which the petitioner relies as grounds for relief.

1. C.D.Calif.R. 19. Other courts in our Circuit have similar rules: S.D.Calif.R. 19; D.Nev.R. 20; D.Ore.R. 19; E.D. Wash.R. 27; W.D.Wash.R. 34, 35.

Petitioner sought habeas corpus from respondent judge, tendering a fifty-page memorandum as his petition. Respondent rejected it[2] as not constituting a "concise" statement of grounds as required by local rule. Petitioner then filed a petition on the mimeographed form supplied by the court and tendered his fifty-page memorandum as a supplement. The judge accepted the petition and rejected the supplement. Petitioner then sought mandamus from this court to compel the judge to accept his fifty-page memorandum. 28 U.S.C. § 1651 (1964). We granted leave to file, and ordered respondent judge to show cause why the writ should not issue. Respondent has now made his return to our order.

Since petitioner is in penal custody, oral argument is dispensed with and the case is ordered submitted upon the papers before us.

■■ Respondent, under the District Court's local rule, properly refused to accept petitioner's fifty-page memorandum as a petition or supplement to petition for a writ. The volume of habeas corpus petitions has grown to a point where time no longer permits a court-initiated search for merit in every layman's narrative of grievance prepared in the traditional prison style. When prisoners address the court today they must expect to be required to conform to court rules adopted to assure that a judge's time is efficiently used. A rule implemented in such fashion as that here under attack now supplies an assurance, otherwise lacking, that relevant facts will be so exposed as to permit the meritorious case to have its remedy.

While respondent might well have permitted petitioner to file his memorandum as argument in support of his petition, the extent to which a judge will listen to a layman's argument upon the law is controlled by exercise of discretion, and in our view is not an appropriate subject for mandamus. Petitioner can suffer no prejudice from limitation upon his right to argue, unless respondent thereby falls into error. Such prejudice would find its remedy in an appeal from denial of habeas corpus.

Writ denied.

---

**2.** This was accomplished by instructions to the clerk of court, on the latter's inquiry, not to accept the document for filing.