Leon G. SCHACK, Petitioner,

v.

Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.

Civ. No. 68–624.

United States District Court
S. D. Florida.
May 29, 1968.

---

## ORDER

FULTON, Chief Judge.

Petitioner, a state prisoner, has mailed to the Clerk of this Court a sheaf of papers consisting of twenty-five pages of cramped, single-spaced longhand script, and comprised of the following documents:

1. Cover letter to the Clerk of this Court requesting that either the papers be filed or a Court Order be entered denying permission to file.

2. Petition for Leave to File an attached informal letter to be treated as a petition for writ of habeas corpus.

3. Petition to proceed in forma pauperis and affidavit in support thereof.

4. Informal letter to be treated as petition for writ of habeas corpus.

5. Exhibits.

On April 26, 1968, the Clerk of this Court returned item No. 4, the informal letter, to petitioner, enclosing a set of forms to be used by petitioner in submitting a habeas corpus petition, and explaining that petitioner might attach his handwritten statements to the completed forms. Petitioner subsequently mailed the five items listed above to the Clerk, rather than submitting the proper forms. In order to establish a complete record of this matter, the Court has directed the Clerk to file these papers and this Order.

Pursuant to Title 28 U.S.C. § 2071 and Federal Rule of Civil Procedure 83, this Court has adopted Local Rules of Court for the Southern District of Florida. Local Rule 19(a) provides as follows:

> Petitions for Writs of Habeas Corpus * * * by persons in custody, shall be in writing, signed and verified. *Such petitions and motions shall be on forms supplied by the Court.*

Accordingly, the Court has adopted a seven page form, containing nineteen questions, which is supplied to prisoners immediately upon request. A cover letter is included to explain that the petitioner may attach additional pages if needed. Use of this form insures that the Court will be provided with all pertinent information required for the proper and expeditious processing of a habeas corpus petition.

Petitioner contends that use of these forms constitutes a denial of equal protection in that it discriminates against indigent, unschooled prisoners, who are unable to retain counsel and unable to properly respond to the questions. Petitioner argues that it is fundamentally unfair to require the use of such forms only by indigent prisoners without counsel. This might be true, but it has no bearing on the rule of this Court, which requires that *all* habeas corpus petitions must be submitted on the printed forms, whether prepared by an indigent prisoner *in propria persona*, or by retained counsel. It should here be noted that the refusal of the Clerk to file these papers is in no way based upon petitioner's inability to pay a filing fee. The forms supplied by the Court include a forma pauperis affidavit to be utilized by indigent prisoners.

The habeas corpus petition form was adopted by this Court with a twofold purpose in view. The form insures that petitioners will be advised of what information must be included in a habeas corpus petition, and is an invaluable aid in preventing the needless waste of judicial time and effort.

This Court shares the feeling of the United States Court of Appeals for

the Ninth Circuit, which succinctly expressed its position as follows:

> The volume of habeas corpus petitions has grown to a point where time no longer permits a court-initiated search for merit in every layman's narrative of grievance prepared in the traditional prison style. When prisoners address the court today they must expect to be required to conform to court rules adopted to assure that a judge's time is efficiently used. A rule implemented in such fashion as that here under attack now supplies an assurance, otherwise lacking, that relevant facts will be so exposed as to permit the meritorious case to have its remedy. Hooker v. United States District Court, Central District of California, 380 F.2d 5 (1967).

Thereupon, it is

Ordered and adjudged that this petition for leave to file an informal letter as a petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2254 be and the same is hereby denied.