Tony **FERNANDEZ**, Appellant,

v.

**Raymond W. MEIER**, Appellee.

Anthony **FERNANDEZ**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 23512, 23819.

United States Court of Appeals, Ninth Circuit.

Oct. 5, 1970.

Tony Fernandez (argued) pro. per.

Anthony Fernandez (argued), pro. per.

J. S. Obenour (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Tacoma, Wash., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, SMITH,* District Judge.

PER CURIAM:

This is a proceeding under 28 U.S.C. § 2255 attacking the sentence imposed on petitioner following conviction upon an indictment charging seven counts of interstate transportation of funds (18 U.S. C. § 2314) and one count of conspiracy to defraud the United States Government (18 U.S.C. § 371). The Court of Appeals affirmed the conviction on all of the substantive fraud counts but reversed the conviction on the conspiracy count. Fernandez v. United States, 329 F.2d 899 (9th Cir. 1964), cert. den., 379 U.S. 832, 85 S.Ct. 62, 13 L.Ed.2d 40.

Following his conviction, petitioner was sentenced to terms totaling eleven years and eleven months on the eight counts. At the time of sentencing, petitioner requested but was denied the right to inspect the presentence report made available to the District Court by the probation service. Petitioner bases his claim for relief upon the refusal of the District Court judge, at the time of sentencing, to grant petitioner the opportunity to examine the presentence report. He asserts that the failure to afford him the opportunity to examine the presentence report, and thus the opportunity to refute any untrue or prejudicial material contained in it, amounted to deprivation of due process of law.

■■ The rule in the federal courts is that the right to examine a presentence report is not one of constitutional magnitude and that the trial judge, in his discretion, may deny an accused an opportunity to inspect the report. Fed.R.Crim. P. 32(c) (2); Gregg v. United States, 394 U.S. 489, 492, 89 S.Ct. 1134, 1136, 22 L.Ed.2d 442, 446 (1969), reh. den., 395 U.S. 917, 89 S.Ct. 1738, 23 L.Ed.2d 232; Baker v. United States, 388 F.2d 931, 932–933 (4th Cir. 1968).[1] Further, due process does not require that an accused be granted the right to confront witnesses who have made statements contained in a presentence report. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), reh. den., 337 U.S. 961, 69 S.Ct. 1529, 93 L.Ed. 1760 and 338 U.S. 841, 70 S.Ct. 34, 94 L.Ed. 514; United States v. Fischer, 381 F.2d 509, 511 (2d Cir. 1967); cert. den., 390 U.S. 973, 88 S.Ct. 1064, 19 L.Ed.2d 1185.

■ We have examined the presentence report and find no abuse of discretion on the part of the trial judge in refusing to permit inspection of the report. We find no circumstances which suggest that petitioner might have received a shorter sentence than the one imposed if he had been afforded the opportunity to comment on the contents of the presentence report. The report contained information that was both favorable and unfavorable to the petitioner, and none of the latter could be considered unduly prejudicial to him. Finally, the length of the sentence petitioner received

---

* Honorable Russell E. Smith, Chief Judge, United States District Court, Missoula, Montana, sitting by designation.

1. This rule of discretion is not uniformly followed by the States. See, e. g., State v. Kunz, 55 N.J. 128, 259 A.2d 895 (1969). A proposed amendment to the Federal Rules of Criminal Procedure would make the disclosure of the material in a presentence report mandatory in most instances. Proposed Amendments to Criminal Rules, Rule 32.2(c) (1), 48 F.R.D. 553, 614–615 (1970).

supports the conclusion that no prejudice resulted to petitioner from the act of the trial judge in refusing to allow petitioner to examine the report.[2]

■ Petitioner also assigns as error the refusal of a district court judge to entertain his written application, dated February 16, 1968, for a writ of habeas corpus. The application was denied because petitioner, after notice, refused to make the application on the form required by the local rule of the district court. W.D.Wash. R. 34.

■ The use of the specific form required by Rule 34 and the purpose for the form in habeas corpus proceedings were approved in Hooker v. United States District Court, 380 F.2d 5 (9th Cir. 1967). Further, we note that petitioner raised the same points in a later "Motion to Discharge Petitioner" as he raised in the rejected application of February 16, 1968. The "Motion to Discharge Petitioner" was treated as a motion pursuant to 28 U.S.C. § 2255 by the District Court and constitutes petition #23819 disposed of above. Thus, no harm to petitioner resulted from the rejection of his written application.

The decision of the district court in each instance is affirmed.

---

2. The maximum sentence possible was seventy-five years.