Rosalio **MUNOZ** and Michael E. Tigar, Petitioners,

v.

**UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA, Respondent.**

No. 26587.

United States Court of Appeals, Ninth Circuit.

April 21, 1971.

Rehearing Denied Aug. 9, 1971.

---

## ORDER

Before DUNIWAY, ELY, and HUF-STEDLER, Circuit Judges.

In its opinion accompanying this Court's order upon the original writ of mandamus, this Court held that Rule 1 (d), Rules of the District Court for the Central District of California, was ambiguous. We remanded the case to the District Court with directions to resolve the ambiguity, and we indicated that the ambiguity should be resolved in favor of the applicant.

██ Upon remand the District Court received evidence directed to the question whether or not the applicant "does not maintain an office in this district for the practice of law." The District Court did not resolve that issue. Instead, the Court decided that the rule was not ambiguous, but even if it were, the ambiguity should be resolved against the applicant. It then denied the application because the applicant was a resident of the district.

This Court did not remand the cause for the purpose of permitting the District Court to reach a construction of the rule at variance with that stated by this Court. The precatory language of the opinion about resolving the ambiguity in the applicants' favor apparently led the District Court into overlooking our directions. Nothing in the record suggests that the District Court's denial of the application was based on anything other than a reading of the rule contrary to our interpretation of it.

The record on the question of the applicants' maintenance of a law office in the district is before us. Evidence directed to the question of the applicants' maintenance of a law office in California was not conflicting. The Government did not oppose the motion, and it offered no evidence on the issue. The only question presented in respect of that issue is whether or not one who has undertaken the activities revealed by the evidence maintains an office for the practice of law. We resolve that question of law in the applicants' favor.

The processing of the writ, the proceedings on remand and the pendency of the present motion have all seriously delayed the trial of Munoz.

The petitioners' motion for enforcement of this Court's order is granted. No useful purpose would be served by further prolonging the proceedings. We direct that the applicant be admitted pro hac vice for the single occasion of representing Munoz in the pending prosecution.

Pursuant to the provisions of Rule 2, Fed.R.App.Proc., the mandate shall issue forthwith.

DUNIWAY, Circuit Judge:

I dissent.

I agree that our opinion and order require that the local rule be read as permitting admission of Tigar *pro hac vice* if he does not maintain an office for the practice of law in the District. However, the rule does not require his admis-

sion, assuming eligibility; it only permits it. It seems clear to me that Judge Curtis would not admit him if he believed that the rule permitted admission. I would not compel him to do so. Will v. United States, 1967, 389 U.S. 90, 104, 107, 88 S.Ct. 269, 19 L.Ed.2d 305 and Hooker v. United States District Court, 9 Cir., 1967, 380 F.2d 5, 6, make it clear that mandamus is not to be used to compel a judge to exercise his discretion in a particular way. That is what the majority is doing.

Both Munoz and Tigar maintain that Tigar is uniquely qualified in Selective Service law. I decline to weigh such a claim. The Munoz case is just another draft case of which a large number are tried in the California federal courts every year. I can and do take judicial notice that there are plenty of competent attorneys in the Central District of California whom Munoz can find to represent him and who know a great deal about draft cases.

I would concur in an order requiring that Judge Curtis comply with that portion of our order dealing with the meaning of the rule, and that he determine first, whether Tigar is eligible under the rule as so construed, and second, if he finds Tigar eligible, whether he will admit him. But I cannot agree to an order by this court that Tigar be admitted.

## ON PETITION FOR REHEARING

■ Respondent's petition for rehearing and suggestion of appropriateness of rehearing in banc filed on May 5, 1971, is untimely because it was filed after mandate was ordered issued. The court construes the petition as a petition to recall the mandate and suggestion of appropriateness of rehearing in banc. The petition having been considered on the merits, the petition is denied.

The memorandum opinion and order signed by a majority of the panel and the dissent, both filed April 21, 1971, are ordered published.

A judge in regular active service having requested that the court be polled on the question of the appropriateness of the suggestion for an in banc hearing, the poll was taken. A majority of the court's judges in active status has determined that a rehearing in banc shall not be conducted, and it is so ordered.

Five of the judges in regular active service, Judges Chambers, Carter, Kilkenny, Trask, and Choy, have directed that it be noted herein that they would have heard the cause in banc.

Judge Wright, who disqualified himself, has taken no part in the disposition of the cause.

CHAMBERS, Circuit Judge (dissenting):

While it is disappointing that the entire court will not take this case en banc, I desire to point out that the panel has not held that a district court may not have a rule that forbids one from being admitted pro hac vice for a case if the applicant has been in the State of California long enough to have qualified for admission to the California State Bar. Neither has it held that for good cause pro hac vice status may not be denied. (Judge Trask may be correct that a district judge does not have to make a record of "good cause" to reject a pro hac vice application, but I think such meaning may be implicit in the panel's opinions of April 21, 1971.)

The majority of the panel has simply held that the present local rule does not ipso facto bar Tigar and that denial on the basis of the rule cannot stand.

TRASK, Circuit Judge (dissenting):

I join in Chief Judge Chambers' dissent except that I disagree with the implication in it that a non-admitted attorney may not be denied pro hac vice status except for "good cause" shown of record. A non-admitted attorney may not appear by himself in a particular case except upon leave of court.

There is no rule of which I am aware that requires a judge in such a situation to make a record of "good cause" before rejecting his application. I do not un-

derstand that the panel has announced such a rule here.

JAMES M. CARTER, Circuit Judge (dissenting):

I think Judge Duniway's dissent to the order of April 21, 1971, was correct.

I join in Chief Judge Chambers' dissent to the present order.