**Harley Joe LEE, Petitioner,**

**v.**

**Edward M. KRITZMAN, Clerk, United States District Court, Central District of California, Respondent.**

**No. CV 75–67–F.**

United States District Court,
C. D. California.

Feb. 26, 1975.

Harley Joe Lee, in pro per.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Div., Huston T. Carlyle, Jr., Asst. U. S. Atty., Los Angeles, Cal., for respondent.

FERGUSON, District Judge.

On January 8, 1975, plaintiff filed suit against the Clerk of this court, contending that he had improperly refused to accept plaintiff's petition for a writ of habeas corpus. Plaintiff seeks an injunction against the enforcement of the local court rule by dint of which the Clerk rejected his petition. The relevant facts are as follows.

1. Local Rule 19(a)1 of this court requires that all habeas corpus petitions shall be on forms supplied by the court. General Order 144 adopts the specific form approved by the court. Copies of the Rule, the relevant amendment, the Order, and the form are appended hereto as Appendices A, B, C, and D, respectively.

2. On December 6, 1974, plaintiff submitted to the Clerk a petition for a writ of habeas corpus, utilizing the prescribed form. He ignored, however, the plainly stated requirement that no more than one separate page be attached in responding to the ninth question, which asks for the grounds of the claim for release. Instead, he attached some 20 pages of material. Much of it violated another requirement on the form—that only facts be related, with no recitation of cases.

3. On December 11, 1974, defendant wrote and mailed a letter to plaintiff, telling him of the errors in the form of his petition, and suggesting that he correct the petition and resubmit it.

4. Plaintiff never submitted a revised petition to the Clerk. He instead instituted this lawsuit, seeking a declaration that the local rules are unconstitutional and a mandate that the Clerk accept his petition in the form originally filed.[1]

At the time plaintiff filed his action, Local Rule 19(a)1 had not yet been amended, so that the Clerk's form for a habeas corpus petition was required only of those acting *in propria persona*. Attorneys acting for petitioners had freedom to choose their own format. Plaintiff attacked the implicit distinction between petitioners represented by counsel and those not so represented as being violative of the equal protection of the laws guaranteed to him by the Constitution. This court need not reach the merits of that claim, since Rule 19(a)1 as amended now mandates the use of the form by all petitioners, and has thereby made the claim moot.

---

1. On January 13, 1975, this court issued an order to show cause why the complaint should not be dismissed, and, pursuant to Rule 78 of the Federal Rules of Civil Procedure, required brief written statements of reasons in support and opposition, so that the question could be resolved without oral argument. Memoranda were received from the defendant and plaintiff on February 4th and 6th, respectively.

█ It is clearly settled law in this circuit that forms such as the one at issue here may be required of petitioners for writs of habeas corpus. *Fernandez v. Meier*, 432 F.2d 426, 428 (9th Cir. 1970); *Hooker v. United States District Court, Central District of California*, 380 F.2d 5, 6 (9th Cir. 1967); *see* Peinado v. Adult Auth. of Dept. of Corrections, 405 F.2d 1185 (9th Cir. 1969); *Smart v. Heinze*, 347 F.2d 114 (9th Cir. 1965). The holdings in these cases protect prisoners' rights, while recognizing the practicalities of doing judicial business.

"The volume of habeas corpus petitions has grown to a point where time no longer permits a court-initiated search for merit in every layman's narrative of grievance prepared in the traditional prison style. When prisoners address the court today they must expect to be required to conform to court rules adopted to assure that a judge's time is efficiently used. A rule implemented in such fashion as that here under attack now supplies an assurance, otherwise lacking, that relevant facts will be so exposed as to permit the meritorious case to have its remedy." *Hooker, supra*, 380 F.2d at 6.

This approach is supported by commentators. In discussing the requirements for habeas corpus applications as set forth in 28 U.S.C. § 2242, one authority has said:

"[T]he petition must state why custody is unlawful. This does not mean that a legal treatise should be written explaining in intricate detail of what the illegality consists. The petitioner should not file, as did one prisoner, a 2000-page petition in two volumes. Rarely should the entire petition be over four or five pages. No legal authority should be cited in the petition. A very simple statement of the precise allegation is all that is necessary. . . ." R. Sokol, Federal Habeas Corpus 93 (2d ed. 1969).

The form here challenged gives ample space for a petitioner adequately to state his claim, while simultaneously guiding him in presenting those claims in a format which is helpful to the judge who reviews his petition. The action of the Central District of California in adopting the form, and the step taken by the Clerk to enforce its proper utilization in this case, were reasonable and justifiable courses of conduct, supported by law and common sense. It is therefore

Ordered that the complaint in this case be dismissed; and further

Ordered that the Clerk of the court forthwith serve copies of this order by mail upon plaintiff and the attorneys for the defendant.

## APPENDIX A

RULE 19. PROCEDURE FOR HABEAS CORPUS AND MOTIONS UNDER SECTION 2255.

(a) Statutory Provisions:

Reference is made to Sections 2241 to 2254, inclusive, of Title 28, U.S.Code, which provide for application or petition for writ of habeas corpus and disposition thereof, and to Section 2255 of Title 28, U.S.Code, which provides for motion for relief under that Section and disposition thereof.

The provisions of the within Rule 19 supplement the provisions of Title 28, U.S.Code, Sections 2241–2255.

1. Petition for writ of habeas corpus and motions filed pursuant to 28 U.S.C. § 2255 by persons in custody, in propria persona, shall be in writing, signed and verified. Such petitions and motions shall be on form supplied by the court. Where petitions or applications for habeas corpus or motions under Section 2255 are prepared and filed for a party by an attorney, the attorney will not be required to use the forms provided for in this paragraph if the attorney preparing the petition, application or motion certifies in writing thereon that the said document contains all the information required by the within Rule 19.

\* \* \* \* \* \*

APPENDIX B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

In the Matter of

The Amendment of Local Rule 19,
Procedure for Habeas Corpus and
Motions Under Section 2255

GENERAL ORDER NO. 145

IT IS ORDERED that Local Rule 19(a)1 is amended to read as follows:

"Petitions for writs of habeas corpus and motions filed pursuant to 28 U.S.C. § 2255 shall be in writing, signed and verified. Such petitions and motions must be on forms approved and supplied by the court."

Dated February 20, 1975.

| | |
|---|---|
| /s/ Albert Lee Stephens, Jr.<br>Chief | /s/ Manuel L. Real |
| /s/ Jesse W. Curtis | /s/ Harry Pregerson |
| /s/ E. Avery Crary | /s/ David W. Williams |
| /s/ Francis C. Whelan | /s/ Robert J. Kelleher |
| /s/ Irving Hill | /s/ Wm. Matthew Byrne, Jr. |
| /s/ A. Andrew Hauk | /s/ Lawrence T. Lydick |
| /s/ William P. Gray | /s/ Malcolm M. Lucas |
| /s/ Warren J. Ferguson | /s/ Robert Firth |

United States District Judges

APPENDIX C

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

In the Matter of

The Approval of the Form of Petitions for Writs of Habeas Corpus of Persons in State Custody

GENERAL ORDER NO. 144

General Order Number 114 is vacated.

The form which is attached hereto is adopted as the approved form of petitions for writs of habeas corpus by or on behalf of persons in custody under the judgment and sentence of a state court.

Any such petition which is presented to this court in any other manner shall not be filed.

Dated February 20, 1975.

| | |
|---|---|
| /s/ Albert Lee Stephens, Jr.<br>Chief | /s/ Manuel L. Real |
| /s/ Jesse W. Curtis | /s/ Harry Pregerson |
| /s/ E. Avery Crary | /s/ David W. Williams |
| /s/ Francis C. Whelan | /s/ Robert J. Kelleher |
| /s/ Irving Hill | /s/ Wm. Matthew Byrne, Jr. |
| /s/ A. Andrew Hauk | /s/ Lawrence T. Lydick |
| /s/ William P. Gray | /s/ Malcolm M. Lucas |
| /s/ Warren J. Ferguson | /s/ Robert Firth |

United States District Judges

APPENDIX D

NAME

_____

INSTITUTIONAL ADDRESS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CASE NO. |
|---|---|
| Full name and prison number (if any) of Petitioner | (To be supplied by the Clerk of the United States District Court) |
| vs | PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |
| Name of Respondent (Jailor, Warden) | |

INFORMATION—Read carefully

This petition shall be legibly handwritten or typewritten, signed by the petitioner, and notarized. You must set forth CONCISELY the answer to each question in the proper space on the form.

You must not attach separate pages to this petition, except that ONE separate additional page is permitted in answering Question No. 9.

Since every petition for habeas corpus must be sworn to under oath, any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. You should, therefore, be very sure that all answers are true and correct.

If you are seeking leave to proceed in forma pauperis (without paying the $5.00 filing fee and other court costs), then you must also execute the affidavit on the last page, setting forth information which establishes your inability to pay the fees and costs of the proceedings or to give security therefor. Remember the caution above about perjury.

When the petition is completed, the original and two copies must be mailed to the Clerk of the United States District Court for the Central District of California, United States Courthouse, Los Angeles, California 90012.

Only one sentence or conviction may be challenged in a single petition. If you challenge more than one, you must do so by separate petitions.

Petitions which do not conform to these instructions will be returned.

1. Place of detention _____

2. Conviction on which this petition is based (a separate petition must be filed for each conviction being attacked).

a. Nature of offense involved (include all counts) _____

_____

b. Penal or other code section or sections _____

_____

c. Name and location of sentencing court _____

_____

d. Case number _____

e. Date of conviction _____

f. Date of sentence _____

g. Length of sentence _____

h. Plea (check one):

   (1) Not guilty ☐   (2) Guilty ☐   (3) Nolo Contendere ☐

i. Kind of trial (check one):

   (1) Jury ☐   (2) Judge alone ☐   (3) Judge alone on transcript ☐

j. Did you testify at the trial? Yes ☐   No ☐

3. Did you appeal from the conviction or sentence? Yes ☐   No ☐

4. If you did appeal, give the following information for each appeal:

a. (1) Name of court _____

   (2) Result _____

   (3) Date of result _____

   (4) Citation or number of opinion _____

   (5) Grounds raised (list each):

     (a) _____

     (b) _____

     (c) _____

     (d) _____

     (e) _____

     (f) _____

     (g) _____

b. (1) Name of court _____

   (2) Result _____

   (3) Date of result _____

   (4) Citation or number of opinion _____

   (5) Grounds raised (list each):

     (a) _____

     (b) _____

     (c) _____

     (d) _____

     (e) _____

     (f) _____

     (g) _____

5. If you did not appeal:
   a. State your reasons _____

   _____

   _____

   _____

   b. Did you seek permission to file a late appeal? Yes ☐   No ☐

6. Other than appeals, have you previously filed any petitions, applications, or motions with respect to this conviction in any court, state or federal?

   Yes ☐   No ☐

7. If your answer to 6 was YES, give the following information:
   a. (1) Name of court _____

   (2) Nature of proceeding _____

   (3) Grounds raised _____

   _____

   _____

   _____

   _____

   (4) Result _____

   (5) Date of result _____

   (6) Citation or number _____

   b. (1) Name of court _____

   (2) Nature of proceeding _____

   (3) Grounds raised _____

   _____

   _____

   _____

   _____

   (4) Result _____

   (5) Date of result _____

   (6) Citation or number _____

   c. (1) Name of court _____

   (2) Nature of proceeding _____

   (3) Grounds raised _____

   _____

   _____

   _____

   _____

   (4) Result _____

   (5) Date of result _____

   (6) Citation or number _____

8. If your answer to 6 was <u>NO</u>, explain briefly why you did not: _____

_____

_____

_____

_____

9. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. If necessary, attach a <u>SINGLE</u> page only behind this page.

   CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

   a. Ground One: _____

   Supporting <u>FACTS</u> (tell your story <u>BRIEFLY</u> without citing cases):

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   b. Ground Two: _____

   Supporting <u>FACTS</u> (tell your story <u>BRIEFLY</u> without citing cases):

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   c. Ground Three: _____

   Supporting <u>FACTS</u> (tell your story <u>BRIEFLY</u> without citing cases):

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   d.  Ground Four: _____

      Supporting FACTS (tell your story BRIEFLY without citing cases):

_____

_____

_____

_____

_____

_____

10.  If any of the grounds listed in 9 were not previously presented to this court or any other court, state briefly which grounds were not so presented, and give your reasons:

_____

_____

_____

_____

_____

11.  Do you have any petition or appeal pending in any court, either state or federal?  Yes ☐  No ☐

12.  Give the name and address of each attorney who represented you in the proceeding attacked here:

   a.  At arraignment and plea _____

   b.  At preliminary hearing _____

   c.  At trial _____

   d.  At sentencing _____

   e.  On appeal _____

   f.  Other post-conviction proceedings _____

_____

13.  Has anyone helped you to prepare this petition?  Yes ☐  No ☐

   a.  If your answer is YES, state the name and address of that person _____

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Executed at _____ on _____.
                  (Date)

                                _____

                                Signature of Petitioner

## FORMA PAUPERIS AFFIDAVIT
### (See Information, Page 1 of this form)

I hereby apply for leave to proceed with this habeas corpus petition without pre-payment of fees or costs or security therefor. In support of my application, I state under oath that the following facts are true:

    (1) I am the petitioner in said petition, and I believe I am entitled to redress.

    (2) I am unable to pay the costs of said action, or give security because:

_____

_____

_____

                                         _____

                                  Signature of Petitioner
                   (Sign here only if you seek to proceed
                         without payment of fees.)

STATE OF _____ ⎫

COUNTY OF _____ ⎬

_____, being first sworn under oath, presents that he has subscribed to the above and states that the information therein is true and correct.

                               _____

                         Signature of Affiant-Petitioner

SUBSCRIBED and SWORN to before me this _____ day of _____, 19___.

_____

Notary Public or other person authorized to administer oaths