**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Peter PERRI,
Defendant-Appellant.**

**No. 74–2801.**

United States Court of Appeals,
Ninth Circuit.

March 27, 1975.

Oscar B. Goodman, Las Vegas, Nev., for defendant-appellant.

V. DeVoe Heaton, U. S. Atty., for plaintiff-appellee.

Before BROWNING and WRIGHT, Circuit Judges, and ZIRPOLI,* District Judge.

## OPINION

EUGENE A. WRIGHT, Circuit Judge:

■ Following his conviction on a charge of possession of goods stolen from an interstate shipment [18 U.S.C. § 659], appellant was sentenced to a term of ten years' confinement. His appeal raises the question: Did the district court err in basing its sentence upon allegations contained in "confidential reports" supplied to the court by the government, the defendant being denied access to the reports and an opportunity to rebut them. The colloquy, following imposition of sentence, is set forth in the margin.[1] We remand for resentencing.

Following the jury verdict of a conviction, a presentence report was prepared and submitted to the sentencing judge, and defendant and his counsel were given access to that information. It did not

---

* Of the Northern District of California.

1. "THE COURT: Now, I've imposed the maximum sentence. It may be a shock to counsel and the defendant, but I'm doing so because at this point I'm satisfied that this defendant has recently been identified as a representative of organized crime in this city, and I will consider motion to modify if Mr. Goodman wants to file one. If he can dissuade me from that, I will probably substantially modify the sentence. This is the reason I'm imposing the maximum sentence here because of the association of this defendant. Confidential reports that the Court has received make it quite clear, in reports I've received from the Task Force, that this man is affiliated with organized crime, and when I'm satisfied with that, I'll impose only one sentence on any defendant, and that's the maximum.

"MR. GOODMAN: Your Honor, I realize what the Court has done, and ask that if the Court is correct, I'm shocked. And I can state to the Court that there was nothing in the presentence report which would have indicated this to either myself or to the defendant.

"THE COURT: Well, you had your own resources. If this isn't true, I'm sure you can make a showing to that effect. But I can't divulge to you the confidential report I have. But I felt in fairness that I should explain to you as his counsel why I'm imposing the maximum sentence."

R.T. pp. 355–356.

contain the confidential information to which the sentencing judge referred. It did disclose that an indictment in the district of Hawaii had been returned against the defendant and seven others and stated:

"On January 25, 1974, Defendant was indicted in United States District Court, Honolulu, Hawaii, with seven associates, some of whom have been identified with organized crime, in a two-count indictment charging Conspiracy, and Sale of Heroin. . . ."

Presentence Report p. 14.

After imposition of sentence, the defendant moved the court to disclose the information which had been considered at the time of sentence, for an evidentiary hearing to determine the truth of allegation as to association with organized crime, and for modification of sentence. Without a hearing, these motions were denied, and the defendant was allowed to move pursuant to Rule 35 of the Federal Rules of Criminal Procedure to modify the sentence. The court's order provided in part that it would consider a motion to modify

". . . if the defendant can furnish this Court with *facts* which show, or tend to show, that this Court's conclusions announced in open court at the time of sentencing, to the effect that the defendant is associated with organized crime, are wrong, . . ."

The burden placed upon the defendant-appellant and his counsel was impermissible. By the court's order they were obliged to rebut allegations not contained in the presentence report, nor in any other document available to the defense, if indeed there was such a document. The government responds:

"Appellee's counsel surmises the 'Confidential Report' contains information relative to that Hawaii indictment."

We are unwilling to join in any such conjecture. Nor do we think this case is governed by Fernandez v. Meier, 432 F.2d 426 (9th Cir. 1970). We said there that the right to examine a presentence report is not one of constitutional magnitude and that a trial judge may, in his discretion, deny an accused an opportunity to inspect the report. *Id.* at 427.

The case is distinguishable. In *Fernandez,* we examined the report and found that it contained both favorable and unfavorable information but none that could be considered unduly prejudicial to the defendant. Further, the defendant in *Fernandez* had been convicted on eight counts and sentenced to a total of almost 12 years where the maximum sentence had been a possible 75 years. We felt that no prejudice had resulted.

By way of contrast, the district court in the case before us made it abundantly clear that the confidential report was the basis for imposing the maximum sentence. That very issue was addressed in United States v. Weston, 448 F.2d 626 (9th Cir. 1971). There, the sentencing judge relied in part on assertions contained in the presentence report which were allegedly supported by reports of the Bureau of Narcotics and Dangerous Drugs. But those reports were not shown to Weston or her counsel and did not corroborate the allegations in the presentence report.

In vacating the sentence to the maximum term, we remanded and discussed a variety of circumstances in which appellate courts have remanded for resentencing, having decided that certain types of information should not have been considered in sentencing. United States v. Weston, *supra,* at 631–633. We said:

"In addition to the difficulty of 'proving a negative,' we think it a great miscarriage of justice to expect Weston or her attorney to assume the burden and expense of proving to the court that she is not the large scale dealer that the anonymous informant says that she is."

*Weston* at 634.

How much disclosure should be made of presentence reports and other "confidential information" has been the subject of extensive debate. Opponents of disclosure argue that it would dry up sources of information and be harmful to rehabilitative efforts. Those favoring disclosure are concerned with minimizing

errors in the information relied on for sentencing and with preserving the fairness of the system.

Section 4.4(a) of the American Bar Association Standards Relating to Sentencing Alternatives and Procedures (Approved Draft 1968) provides that fundamental fairness to the defendant requires that he and his attorney be told the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court.

 This principle may be applied if the sentencing court permits the defense counsel to inspect the report. The court may excise such parts as are not relevant: a medical opinion which might seriously disrupt a rehabilitation program, or the identification of sources which had given information on a promise of confidentiality. *Id.* § 4.4(b).[2]

The principles underlying these standards are sound. They persuade us that fairness to the defendant in this case requires that he be apprised in detail of the nature of the adverse information on which the court relied in passing sentence. Proper steps can be taken to safeguard the identity of the informant, if that is necessary. As we stated in *Weston*:

> "A rational penal system must have some concern for the probable accuracy of the informational inputs in the sentencing process."

448 F.2d at 634.

We do not retreat from the general principle that we will refuse to review sentences in cases where it is contended that sentences within the statutory limit are cruel and unusual or that the sentencing judge considered evidence of other crimes even though the defendant was never brought to trial or was acquitted, or his conviction was reversed on appeal. United States v. Wilson, 506

F.2d 521 (9th Cir. 1974), United States v. Atkins, 480 F.2d 1223 (9th Cir. 1973).

We affirm the judgment of conviction and remand for resentencing. The district judge will disclose the basis and the nature of the adverse information to which exception was taken or will disregard it.

Remanded for further proceedings consistent with this opinion.

---

2. The Model Penal Code and the Model Sentencing Act similarly require disclosure, with provisions for excerpting irrelevant material and for safeguarding the identity of informants in appropriate circumstances. American Law Institute Model Penal Code § 7.07 (Official Draft 1962); Advisory Council of Judges of the National Council on Crime and Delinquency, Model Sentencing Act, Revised Edition § 4 (1972).