**Leroy SERAPO, Defendant-Appellant,**

**v.**

**UNITED STATES of America,
Plaintiff-Appellee.**

**No. 78–2939.**

United States Court of Appeals,
Ninth Circuit.

Feb. 21, 1979.

Donn S. Alpert, Tucson, Ariz., for defendant-appellant.

Rhonda Repp, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

* Of the Northern District of California.

Before MERRILL and WRIGHT, Circuit Judges, and SWEIGERT,* Senior District Judge.

PER CURIAM:

Serapo and 15 codefendants were indicted for conspiracy to import marijuana and conspiracy to distribute it. A superseding indictment charged him as an accessory to the use of a telephone to facilitate a conspiracy to distribute marijuana. He pleaded guilty to that charge and the earlier indictment was dismissed.

At sentencing the district judge provided an opportunity to comment on the presentence report which described the smuggling operations, the subject of the first indictment. Neither Serapo nor his counsel denied the facts in the presentence report regarding the use of Serapo's property for the storage and transportation of marijuana.

The district judge said she had heard the trials of two codefendants and from that testimony she believed Serapo was more involved in the conspiracy than he had admitted.[1] She sentenced Serapo to imprisonment for one year, well within the maximum sentence of two years and $15,000 fine.

Serapo asserts that the judge based the sentence on information obtained at the other trials. This, he says, was a denial of due process because the earlier testimony was not disclosed and he had no opportunity to rebut the information that influenced his sentence. We affirm.

1. THE COURT

As you know, I have handled quite a few cases out of this case and I have heard testimony in two different trials, and I can only say that in listening to those, at least your ranch was used and used and used over and over again, Mr. Serapo, as a place where marijuana was stashed, and a place where it was brought into your ranch. If you lived there, it would have to be, with the activity that went on, completely within your knowledge. To me, you are more involved than the people who were just lookouts, and such, that this court has handled prior to this time, and I just cannot see straight probation in this matter.

A sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information which he may consider or the source from which it may come. *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *United States v. Jones,* 487 F.2d 676, 680 (9th Cir. 1973). Obviously, it follows that the judge may draw upon his or her knowledge of the defendant and his activities.

We have said that a defendant has the right to a sentence untainted by false or unreliable information. *Farrow v. United States,* 580 F.2d 1339, 1359 (9th Cir. 1978); *United States v. Sand,* 541 F.2d 1370, 1378 (9th Cir. 1976); *United States v. Weston,* 448 F.2d 626, 628–33 (9th Cir. 1971), *cert. denied,* 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972).

That this right not be rendered a nullity, in *United States v. Perri,* 513 F.2d 572 (9th Cir. 1975), we recognized that where a judge bases a sentence exclusively on undisclosed negative information:

> [F]undamental fairness to the defendant requires that he and his attorney be told the substance of all derogatory information which adversely affects his interests . . .

*United States v. Perri,* 513 F.2d at 575.

We need not retreat from our holding in *Perri.* The record tells us that the court did not base the sentence exclusively on testimony which was undisclosed and which Serapo had no opportunity to rebut. It shows that the court knew the substance of the presentence report. Considering that the same information was in that report and in the trial testimony, the court could not have based that sentence only on information not disclosed to the defendant.

Serapo and his counsel had the report before the sentencing hearing and an opportunity to respond. Aside from a denial of involvement in the conspiracy, Serapo did not dispute the factual assertions in the report. He offered nothing to show either that the marijuana was not taken across his property or that it was done without his knowledge. He suffered no prejudice. We

decline to remand for resentencing, and affirm the judgment.