**Jeff PEACE, Plaintiff,**

v.

**Susan BAKER, Deputy Sheriff of Matagorda County, Texas, et al., Defendants.**

**No. CV–N–85–238–ECR.**

United States District Court, D. Nevada.

June 21, 1988.

William M. O'Mara, Reno, Nev., for plaintiff.

John E. Gormley, Las Vegas, Nev., for defendant Thomas Green.

Roger Whomes, Reno, Nev., for defendants Baker and Hurta.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

Plaintiff, Jeff Peace, a prisoner of the State of Nevada incarcerated in the Northern Nevada Correctional Center, filed a civil rights action pursuant to 42 U.S.C. Sec. 1983 on May 9, 1985. (Court docket # 1). Named as the defendants were Susan Baker, Deputy Sheriff of Matagorda County, Texas, Identification Division; S.L. "Sam" Hurta, Sheriff of Matagorda County, Texas; and Thomas Green, Deputy District Attorney of Clark County, Nevada. Judgment was entered by this court on January 10, 1986, based on the finding that the case was barred by the statute of limitations. (Court docket # 16). The Ninth Circuit vacated this decision on April 30, 1987. (Court docket # 27). Consequently, counsel was appointed to represent Plaintiff (court docket # 30) and service was effected on Defendants. On November 23, 1987, Defendant Green filed a Motion to Dismiss (court docket # 35), which was duly opposed by Plaintiff on March 11, 1988. (Court docket # 52). On January 14, 1988, Defendants Baker and Hurta filed their Motion to Dismiss (court docket # 43), which Plaintiff opposed on January 29, 1988 (court docket # 46), and as amended on February 9, 1988. (Court docket # 47).

## FACTS

Plaintiff asserts that the police officers supplied Green with information about some prior incidents, which Green then presented to the judge at Plaintiff's sentencing hearing. Plaintiff claims that neither he nor his attorney knew that the information would be presented, and he also disputes the accuracy of some of the statements, e.g., that he was not even in Texas at the time of the reported incidents. Plaintiff claims that his civil rights were violated by libelous and slanderous statements made by Green during the sentencing hearing which were based on the information supplied by Defendants Baker and Hurta.

## ANALYSIS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the non-moving party. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Russell v. Landrieu*,

621 F.2d 1037, 1039 (9th Cir.1980). A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law. *North Star Int'l v. Arizona Corp. Comm.,* 720 F.2d 578, 580 (9th Cir.1983). For a defendant-movant to succeed, it must appear to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proved under the allegations of the complaint. *Halet v. Wend Investment Co.,* 672 F.2d 1305, 1309 (9th Cir.1982). Additionally, allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Because the parties have not submitted matters outside of the pleadings, this motion to dismiss has not been converted into a motion for summary judgment.

*Defendant Green:*

■ Prosecutors are entitled to absolute immunity for acts that are (1) within the scope of their authority and (2) in a quasi-judicial capacity. *Imbler v. Pachtman,* 424 U.S. 409, 430–31, 96 S.Ct. 984, 994–95, 47 L.Ed.2d 128 (1976); *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 678 (9th Cir.1984). The reasoning behind such broad immunity is that "the ultimate fairness of the operation of the system itself could be weakened by subjecting prosecutors to Sec. 1983 liability." *Imbler v. Pachtman,* 424 U.S. at 427, 96 S.Ct. at 993. The first prong of this test, determining the scope of the authority, is analyzed by determining whether the prosecutor's acts had more or less connection to the matters committed to his control and supervision. *Ybarra,* 723 F.2d at 678. The second prong is analyzed by determining whether the prosecutor's allegedly wrongful acts were committed in the performance of an integral part of the judicial process. *Sykes v. State of California, Dept. of Motor Vehicles,* 497 F.2d 197, 200 (9th Cir. 1974). Clearly, Defendant Green was acting within both his scope of authority and in a quasi-judicial capacity during the sentencing proceeding, and so his shield of absolute immunity applies. Therefore, even if Defendant Green's actions were a violation of Plaintiff's civil rights, the shield of prosecutorial immunity would prevent any recovery.

*Defendants Baker and Hurta:*

■ Police officers are not cloaked with the same absolute immunity as prosecutors. Nevertheless, even assuming that Defendants Baker and Hurta would be liable for Green's statements, the Supreme Court has held that defamation alone is not actionable under Section 1983. "The words 'liberty' and 'property' as used in the Fourteenth Amendment do not in terms single out reputation as a candidate for special protection over and above other interests that may be protected by state law.... Thus it [is] not ... sufficient to establish a claim under Sec. 1983 and the Fourteenth Amendment that there simply be defamation by a state official." *Paul v. Davis,* 424 U.S. 693, 701, 710, 96 S.Ct. 1155, 1160, 1165, 47 L.Ed.2d 405 (1976).

■ Consequently, Defendant Green, and Defendants Baker and Hurta, are entitled to their respective motions to dismiss. This does not, however, end our inquiry into Plaintiff's allegations.

One of Plaintiff's claims is that the information used against him by the prosecutor at his sentencing hearing was false, and because neither he nor his attorney were given advance notice that the information would be used, he did not have an adequate opportunity to rebut the incorrect information. This court's order entered on January 10, 1986, contains the following expression of concern:

[D]ue process considerations are involved when a trial judge bases a sentence on materially untrue information about the defendant's background. *United States v. Petitto,* 767 F.2d 607, 611 (9th Cir. 1985); *United States v. Williams,* 668 F.2d 1064, 1072 (9th Cir.1981); *United States v. Weston,* 448 F.2d 626, 632 (9th Cir.1971). *Petitto* teaches, at page 611, that when a defendant raises the possibility of misinformation, the sentencing judge must provide an opportunity for him to rebut it. The record herein indicates that Plaintiff merely told the judge

that he didn't know what the prosecutor was talking about; if the prosecutor had bothered to check he would have discovered that Plaintiff wasn't in Texas at the time of one of the incidents the prosecutor had described. This hardly constituted a meaningful opportunity to rebut if it is true, as alleged by Plaintiff, that neither he nor his attorney had notice that the Texas background information would be presented to the sentencing judge. The Nevada Supreme Court agrees that a trial judge's sentencing discretion is abused when a more severe sentence is imposed because of weight given to impalpable or highly suspect evidence. *Goodson v. State*, 98 Nev. 493, 654 P.2d 1006, 1007 (1982); *Silks v. State*, 92 Nev. 91, 545 P.2d 1159, 1161 (1976). (Court docket # 16 pages 5–6). However, a finding by this court that Plaintiff's constitutional rights were violated during the sentencing hearing would be tantamount to a finding that his sentence is constitutionally infirm. Such a finding would require his release. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

The nature of Plaintiff's complaint, then, is a challenge to the constitutionality of the duration of a state court imposed sentence. In this situation, because the allegations in a pro se plaintiff's complaint are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it is proper for this court to construe the complaint as a petition for habeas corpus. *Padilla v. Ackerman*, 460 F.2d 477, 478 (9th Cir.1972). This action, then, is essentially the same as the Ninth Circuit was confronted with in *Ybarra*. That court said the following: "If a prisoner seeks both release from confinement and damages or injunctive relief in an action under Section 1983, the court may properly dismiss the former claim while retaining the latter." *Ybarra*, 723 F.2d at 681–82, citing *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In determining whether to dismiss both claims or only one, the court said, "the proper approach is to determine whether [the plaintiff's] initial and exclusive remedy lies in habeas corpus." *Ybarra*, 723 F.2d at 682.

The U.S. Supreme Court has held that the exclusive federal remedy for a state prisoner seeking release from confinement or a reduction in the length of confinement is habeas corpus, with its requirement of exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. at 500, 93 S.Ct. at 1841–42.

Despite the liberality given pro se complaints, courts must be careful when considering converting a civil rights complaint into a habeas corpus petition. This is because "[a]ttempts to circumvent the habeas corpus statute['s exhaustion requirement] will be repudiated," *Hanson v. Heckel*, 791 F.2d 93, 95 (7th Cir.1986), citing Justice Brennan's dissent in *Preiser*, 411 U.S. at 524 n. 24, 93 S.Ct. at 1854 n. 24. The exhaustion requirement is not the same for both habeas corpus actions and civil rights actions. A federal court may not grant a writ of habeas corpus in behalf of a state prisoner when the petitioner has not exhausted the remedies available in the courts of the state. *Preiser v. Rodriguez*, 411 U.S. at 489, 93 S.Ct. at 1836. This rule is based on the principle of comity, which is defined as "giving a state court system that has convicted a defendant the first opportunity to correct its own errors. . . ." *Id.*, at 492, 93 S.Ct. at 1837. To the contrary, actions brought under Section 1983 generally do not require exhaustion of state court remedies. *Patsy v. Florida Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Plaintiff affirmatively indicated in his complaint that, as of the date of the filing, he had not presented his civil rights issue to the state courts. The record as a whole also fails to indicate that Plaintiff has met the exhaustion requirement of habeas corpus. Consequently, even if this court converts Plaintiff's civil rights complaint into a petition for a writ of habeas corpus, the case would still have to be dismissed for failure to exhaust the available state court remedies. *Keeton v. Procunier*, 468 F.2d 810, 811 (9th Cir.1972); *Bennett v. Allen*, 396 F.2d 788, 790 (9th Cir.1968).

Additionally, requiring Plaintiff to file anew will enable him to bring into the

action the proper defendant(s), and to comply with this court's Local Rule 215 mandating the use of a form prepared for habeas corpus petitions. *See Fernandez v. Meir,* 432 F.2d 426, 428 (9th Cir.1970), and *Lee v. Kritzman,* 390 F.Supp. 885 (C.D.Cal. 1975) (dismissal is proper for failure to use forms required by local rules).

The court takes notice of the fact that Plaintiff has previously filed in this court a federal habeas corpus petition. (CV–R–85–0358–ECR). Two months after he filed the civil rights complaint concerned herein, to-wit, on July 11, 1985, Plaintiff filed a habeas corpus petition based on six grounds: 1) the denial of a pretrial motion for a continuance; 2) ineffective assistance of trial counsel; 3) identification testimony that should not have been admitted; 4) improper jury charge regarding reasonable doubt; 5) cumulative error; and 6) newly discovered evidence. That case became final on January 26, 1987, when the Ninth Circuit Court of Appeals affirmed this court's decision denying Plaintiff's petition. (No. 86–1611). It is now apparent that Plaintiff should have included in his habeas corpus petition the claims he asserts in his civil rights complaint.

Based the fact that Plaintiff's civil rights complaint was on file when he filed his habeas corpus petition, he should not be hampered by Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. Rule 9(a) is, essentially, a recitation of the doctrine of laches. *Alexander v. Maryland,* 719 F.2d 1241 (4th Cir.1983). Plaintiff should be able to rebut the presumption of prejudice imposed by Rule 9(a)—see the Advisory Committee notes—and, from the facts presently before the court, he should be able to overcome a claim of an abuse of the writ, if it is raised. Consequently, Plaintiff will not be guilty of a lack of due diligence should he timely file a new petition in this court, raising the issue he raised in this civil rights complaint, after proving that he has exhausted his available state court remedies. *Contra,* see *Shuman v. Wolff,* 571 F.Supp. 213 (D.C.Nev.1983), *aff'd,* 791 F.2d 788 (9th Cir. 1986), *aff'd,* 483 U.S. 66, 107 S.Ct. 2716, 97 L.Ed.2d 56 (1987).

IT IS, THEREFORE, HEREBY ORDERED that the Defendants' Motions to Dismiss (court docket #35 & #43) are granted. The Clerk shall enter judgment accordingly.