963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glen Richard LONG, Petitioner-Appellant,
v.
C.L. RYAN, Warden, A.S.P.C., Respondent-Appellee.
 No. 91-16563.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1992.*
Decided May 18, 1992.
 
 1
 Before REINHARDT and KOZINSKI, Circuit Judges, and EZRA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Local Rule 76(a) of the District of Arizona requires pro se habeas petitions to be filed on appropriate forms. Long's petition did not comply with this Rule. In its order of May 7, 1991, the district court ordered Long to file an amended petition within thirty days. The order specifically stated that "[t]he amended petition must be retyped or rewritten in its entirety," and included the following warning: "The petitioner should take notice that if he fails to timely file an amended petition, the Clerk of the Court will enter a dismissal of the action without further notice to the petitioner" (emphasis added). We have long recognized district courts' power to prescribe rules for orderly habeas proceedings, and their authority to dismiss non-complying petitions. Hooker v. United States Dist. Ct., 380 F.2d 5, 6 (9th Cir.1967); see also Federal Habeas Rule 2(c). Long refused to file an amended petition within thirty days; we therefore find no error in the district court's dismissal.[1]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There is no merit in Long's argument that the information requested by the district court in the amended petition was already before the court in Long's "supplemental memorandum." The district court has the authority to request documents in the proper form, and told Long exactly how to remedy his defective pleading; Long will not now be heard to complain because he refused to comply