983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John NICKOLAI, Petitioner-Appellant,
v.
Frank SAUSER, Superintendent, Spring Creek Correctional
Center, State of Alaska, Respondent-Appellee.
 No. 91-36172.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1992.*
Decided Dec. 18, 1992.
 
 Before WALLACE, Chief Judge, and SKOPIL and LEAVY, Circuit Judges.
 
 MEMORANDUM
 
 1
 Nickolai, an Alaska state prisoner, appeals from the district court's dismissal of his habeas corpus petition challenging his conviction for second degree murder on the ground of insufficient evidence. Nickolai contends that the district court erred by holding that he failed to exhaust his state court remedies. The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253. We affirm.
 
 
 2
 In May 1990, Nickolai filed this petition for writ of habeas corpus. On March 14, 1991, Sauser filed a motion to dismiss, arguing that Nickolai had procedurally defaulted by failing to raise his sufficiency argument in the Alaska supreme court. The motion was served upon both Nickolai and his attorney. Contrary to Nickolai's assertion in his brief filed in this court, the district court never reached the question of whether Nickolai had procedurally defaulted in state court. Rather, Nickolai never responded to Sauser's motion, and on August 26, 1991, the district court dismissed Nickolai's petition. The district court's order referred to Local Rule 5(B)(4), which provides that a failure to file a brief in opposition to a motion shall be deemed an admission that the motion is well taken. Nickolai did not file a motion for reconsideration under Local Rule 5(J)(1).
 
 
 3
 We review de novo the dismissal of a habeas corpus petition. LaMere v. Risley, 827 F.2d 622, 623 (9th Cir.1987). We have long recognized the power of the district courts to prescribe rules for orderly habeas corpus proceedings, and their authority to dismiss noncomplying petitions. Hooker v. United States Dist. Ct., 380 F.2d 5, 6 (9th Cir.1967); cf. also Jordan v. Clark, 847 F.2d 1368, 1377-78 (9th Cir.1988) (upholding partial summary judgment based in part on Local Rule 5(b)(4)), cert. denied, 488 U.S. 1006 (1989). Nickolai failed to respond to the motion to dismiss. He did not seek reconsideration of the order of the district court nor does he offer any explanation before this court for his failure to respond in a timely manner to the motion to dismiss. We therefore conclude that the district court did not err in dismissing Nickolai's petition.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4