**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30224 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00163-TSZ-1 |
| v. | |
| SUNG HONG, AKA Laurence Hong, AKA Lawrence Hong, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30227 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00163-TSZ-2 |
| v. | |
| HYUN JOO HONG, AKA Grace Hong, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 5, 2020[**]
Seattle, Washington

Before:  IKUTA and R. NELSON, Circuit Judges, and OLIVER,[***] District Judge.

Lawrence and Grace Hong appeal the district court's judgments sentencing Lawrence Hong to a 180 month custodial term and Grace Hong to a 72 month custodial term.  We have jurisdiction under 28 U.S.C. § 1291.

The Hongs claim that the district court violated their First Amendment right to free exercise of religion and their Fifth Amendment right to due process by mentioning religion in the sentencing hearing.  Because they raise this claim for the first time on appeal, we review it for plain error.  *See United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012).  The district court did not plainly err in describing how the Hongs used religion to carry out their fraudulent scheme, in commenting on video footage showing Grace Hong speaking to a church group, or in mentioning the spiritual harm suffered by the Hongs' victims.  The Hongs point to no binding legal authority precluding a sentencing court from considering the religion of the victims or noting the spiritual impact of an offense on the victims.  And the evidence that the Hongs point to clearly contradicts their assertions that

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

the court discriminated against them on the basis of their religion, *see Zant v. Stephens*, 462 U.S. 862, 885 (1983), and that the court based their sentences on its own religious convictions.

The district court did not err in considering information in the government's supplemental sentencing memorandum pertinent to Grace Hong. *See Nichols v. United States*, 511 U.S. 738, 747 (1994); 18 U.S.C. § 3661. The government gave Grace Hong the information during discovery, and she acknowledged in her plea agreement that information of this sort might be introduced "at the time of sentencing." Grace Hong had the opportunity to dispute the information at her sentencing hearing. *See United States v. Brady*, 895 F.2d 538, 542 (9th Cir. 1990). Although she objected to the district court's consideration of the information, she failed to challenge the information's veracity or request a continuance. Because she had knowledge of the adverse information on which her sentence was based and an opportunity to contest that information, her claim fails. *Cf. Gardner v. Florida*, 430 U.S. 349, 358, 362 (1977) (plurality opinion); *United States v. Perri*, 513 F.2d 572, 574 (9th Cir. 1975).

Because the Hongs' sentences were not illegal, *see United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016), and they were sentenced below the

3

Guidelines ranges that the court determined at the time of sentencing, the Hongs'

appellate waivers apply.

**DISMISSED.**