**In re Wilson EVANS, II, Petitioner.**

**No. 75–3419.**

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1975.

Michael S. Fawer, Matthew H. Greenbaum, New Orleans, La., for petitioner.

William H. Cox, U. S. Dist. Judge, Jackson, Miss.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for the U. S.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Petitioner Wilson Evans, II, filed motions in the Southern District of Mississippi seeking the court's permission to allow attorney Michael S. Fawer to appear *pro hac vice* to represent Evans in a criminal tax evasion case. Judge William Harold Cox denied the motion. Evans comes to this court seeking a writ of mandamus compelling Judge Cox to grant the motion. Concluding that it was outside of the discretion of Judge Cox to deny the motion, we order that a writ of mandamus issue in this case compelling Judge Cox to grant petitioner's motion.

I.

Wilson Evans, II, sought to retain Michael S. Fawer to represent him in a criminal tax evasion matter. Mr. Fawer is an attorney of fifteen years experience, including eight years with the Department of Justice and the United States Attorney for the Southern District of New York. He specializes in federal criminal matters. Fawer is a member of the bars of Louisiana, New York, United States Supreme Court, United States Courts of Appeals for the Fifth and Second Circuits, and the United States District Courts for the Eastern and Middle Districts of Louisiana, the Southern and Eastern Districts of New York and the District of Columbia. Local counsel filed a motion to allow Mr. Fawer to appear *pro hac vice* in the Southern District of Mississippi to handle this defense. When Judge Cox denied the motion, Evans petitioned this court seeking a writ of mandamus to compel Judge Cox to allow Fawer to appear.

A hearing on the motion was held on June 19, 1975. At that time Judge Cox stated:

I know he is an able fellow but he can't behave himself, he don't have any ethics about him, don't have any respect for counsel or the court or anybody else and that's what I object to.

Judge Cox denied the motion that afternoon and filed findings of fact on July 1, 1975. We quote Judge Cox's discussion of his grounds for objection to Mr. Fawer's ethical qualifications:

Mr. Fawer participated in the trial of two criminal cases during the year of 1974. The two cases lasted approximately ten days each and Mr. Fawer was an active participant. During these trials, counsel continuously and repeatedly disputed with and ignored the rulings of the Court to the extent of exhibiting a disrespectful attitude toward the Court's rulings. Counsel was repeatedly reminded and warned that the Court had made its rulings and to refrain from continually arguing with the Court all in the presence of the jury after the Court had ruled. Such conduct was calculated to prejudice the jury in his favor and give the jury the impression that the Court was not fair and impartial and reflect on the Court's knowledge of the law. Mr. Fawer's conduct in the courtroom was so reprehensible on one occasion that this Court ordered the United States Marshals to seat the attorney, which they did, so that the Court could proceed in an orderly manner. Counsel's conduct was without regard to canon number one of the American Bar Association's Canon of Professional Ethics.

During the trial of the aforementioned cases, counsel would repeatedly make remarks to opposing counsel, requiring rebuffs from the Court. Mr. Fawer's conduct and demeanor toward opposing counsel caused delay and promoted unseemly wrangling contrary to canon seventeen of professional ethics.

These findings, in essence, contain two elements: general allegations as to Fawer's courtroom demeanor and one specific incident of alleged courtroom misconduct. To determine the appropriateness of Judge Cox's ruling, we review briefly the history of Fawer's appearances in the Southern District of Mississippi.

Mr. Fawer has appeared in four cases in the Southern District of Mississippi. The first case was a bribery case tried in February of 1974 before Judge Cox. The trial lasted ten days and included the incident in which Judge Cox ordered the Marshals to seat Mr. Fawer. The incident, the only specific allegation of misbehavior referred to in Judge Cox's findings of fact, followed Judge Cox's remark: "Looks like there has been some hanky panky here." Mr. Fawer objected, asking the Judge to be specific if he was going to make such an allegation. Judge Cox ordered Mr. Fawer to be seated, but he refused to do so until he could get his objection on the record. The Marshals then seated him. Judge Cox did not hold Mr. Fawer in contempt for this incident, nor did he lodge a disciplinary complaint.

In August of 1974, Mr. Fawer entered appearances before Chief Judge Russell of the Southern District of Mississippi in two matters. No objection was made by the court at that time time based on Mr. Fawer's actions at the earlier trial before Judge Cox. One of these cases came to trial in June of 1975; the other has not yet come to trial. Judge Russell at no time raised any complaints about Mr. Fawer's performance before him.

Mr. Fawer tried a tax case before Judge Cox over a ten day period in December of 1974. Judge Cox makes no specific allegations of misbehavior related to that trial and there is no evidence that he censured or reprimanded Mr. Fawer at that time.

In the current action Fawer filed notice of appearance in late May of 1975. On June 2, 1975, Judge Cox entered an order scheduling the case for trial on July 7, 1975, in Hattiesburg, Mississippi. Mr. Fawer requested a three week extension and secured the acquiescence of the United States Attorney.

On Friday, June 13, 1975, Mr. Fawer telephoned Judge Cox's secretary about

the status of the trial date and was informed that Judge Cox intended to try it according to his original schedule. Mr. Fawer advised the secretary that he would prepare formal motions addressed to the setting of the trial date and the transfer without the defendant's consent, from the Biloxi Division, where the defendant had been indicted, to the Hattiesburg Division. On Monday, June 16, 1975, Mr. Fawer received by mail his original notice of appearance as co-counsel of record in the case. He telephoned the Clerk who advised him that Judge Cox had ordered his name stricken from the record as counsel and the notice of appearance returned.

A formal motion for admission *pro hac vice* was filed by local counsel and a hearing was held at which attorney Fawer was not allowed to participate or address the court. The motion was denied.

## II.

■ This court recently reaffirmed the traditional rule that mandamus lies only to confine a lower court to its jurisdiction or to compel it to perform ministerial functions over which it has no discretion. *In re Estelle*, 516 F.2d 480, 483 (5th Cir. 1975). Mandamus will not lie to correct mere abuses of discretion. *Will v. United States*, 389 U.S. 90, 104, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).

Accordingly, if all that is involved in this case is an abuse of discretion by Judge Cox, mandamus will not lie; for mandamus to lie, Judge Cox's denial of the *pro hac vice* motion must be an act outside of his discretion. An examination of the law in this field leads us to the conclusion that the facts of this case were such that Judge Cox could not deny petitioner's motion on grounds of unfit character.

## III.

In *Sanders v. Russell*, 401 F.2d 241 (5th Cir. 1968), several out-of-state attorneys involved in civil rights litigation were denied admission *pro hac vice* in the Southern District of Mississippi. We granted mandamus compelling their admission. Although that case was limited to non-fee generating civil rights cases, we think these same standards should apply to fee generating cases. *See E. F. Hutton & Co. v. Brown*, 305 F.Supp. 371, 381 n. 18 (S.D.Tex.1969).

■ In *Sanders* we recognized that for purposes of admission to practice in federal court, admission to a state bar is the basic determinant of both professional and ethical qualifications. 401 F.2d at 247. *See also In re Ruffalo*, 390 U.S. 544, 547, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968). Admission to a state bar creates a presumption of good moral character that cannot be overcome merely by the whims of the District Court. An applicant for admission *pro hac vice* who is a member in good standing of a state bar may not be denied the privilege to appear except "on a showing that in any legal matter, whether before the particular district court or in another jurisdiction, he has been guilty of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the court." *Sanders v. Russell*, 401 F.2d at 247–48. *See also Spanos v. Skouras Theatres Corp.*, 235 F.Supp. 1, 11 (S.D.N.Y.1964),[1] *cert. de-*

---

1. Other courts that have addressed this question have split on the degree of discretion allowed the District Court in determining whether to admit an attorney *pro hac vice*. In *Munoz v. United States District Court for the Central District of California*, 446 F.2d 434 (9th Cir. 1971), the Court granted mandamus compelling the District Court to admit the petitioner's attorney *pro hac vice*. As the dissent in that case points out mandamus is only appropriate if there is no discretion to deny the application.

The Fourth Circuit in *Thomas v. Cassidy*, 249 F.2d 91 (4th Cir. 1957), *cert. denied*, 355 U.S. 958, 78 S.Ct. 544, 2 L.Ed.2d 533 (1958), held that it was within the discretion of the District Court to deny admission *pro hac vice* to an attorney guilty of "unlawyerlike conduct." We find the discretion permitted by the Fourth Circuit too broad and, consequently, susceptible to abuse.

*nied*, 385 U.S. 987, 87 S.Ct. 597, 17 L.Ed.2d 448 (1966).

██ If a District Court has evidence of behavior that it believes justifies denying an attorney admission *pro hac vice*, it must set a hearing date and give the attorney adequate notice of all incidents of alleged misbehavior or unethical behavior that will be charged against him. Specific allegations must be made; general accusations about an attorney's demeanor are insufficient. The hearing must be on the record and present the attorney with adequate opportunity to defend himself and his professional reputation. The presiding judge must be sensitive to possible conflicts of interest if events cast him into the roles of witness, prosecutor, and judge.

██ Viewed in light of the standards set forth in this opinion, Judge Cox could not have denied Fawer admission *pro hac vice*. A review of the record of the proceedings surrounding the one specific incident cited by Judge Cox reveals only an attorney aggressively pursuing the interests of his client by making reasonable objections. Judge Cox did not hold Fawer in contempt, nor did he file a complaint either with the District Court or any of the Bars to which Fawer has been generally admitted. There can be little dispute that the incident did not rise to the level of disbarment. That Fawer has been allowed to appear in three other matters before the Southern District of Mississippi, including one before Judge Cox, makes it clear that Judge Cox based his decision on the barest form of discretion.

In the absence of a complaint rising to a level justifying disbarment, it was outside the discretion of Judge Cox to deny the motion to admit Fawer *pro hac vice*, and, accordingly, the petition for writ of mandamus is granted.