**P.G. OIL CORP., a Florida corporation, Plaintiff,**

v.

**MOTIVA ENTERPRISES, LLC, a Delaware corporation, Defendant.**

**No. 05–21396–CIV–MOORE.**

United States District Court, S.D. Florida.

Nov. 4, 2005.

---

Louis Richard Montello, Daniella Friedman, Montello & Friedman, Miami, FL, for Plaintiff.

Samuel Alberto Danon, Eduardo William Gonzalez, Carlo A. Rodriguez, Hunton & Williams, Miami, FL, for Defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Plaintiff P.G. Oil Corp.'s Motion for Thomas P. Bleau to Appear as Counsel *Pro Hac Vice* (DE # 14). The Court held an evidentiary hearing and heard oral argument on this matter on October 14, 2005.

UPON CONSIDERATION of the motion and being otherwise fully advised in the premises, the Court enters the following Order:

Mr. Thomas Bleau is seeking *pro hac vice* admission in this case as Plaintiff's counsel. Plaintiff P.G. Oil Corp. ("P.G.Oil") has filed an action for damages against Defendant Motiva Enterprises LLC ("Motiva") arising out of Motiva's alleged violation of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801–2806 (the "PMPA").

Mr. Bleau is a member in good standing of the California State bar. He is also a member in good standing of the bars of the Central District of California, the Northern District of California, the Southern District of California, the Southern District of Illinois, the Northern District of Indiana, the Southern District of Texas, the Fifth Circuit Court of Appeals, the Seventh Circuit Court of Appeals and the Ninth Circuit Court of Appeals. Mr. Bleau has previously been admitted *pro hac vice* in Louisiana, Massachusetts, Nevada, Arizona, Indiana and the United States District Court for the Eastern District of Louisiana. But *pro hac vice* admission has recently been denied to Mr. Bleau in the state of Florida. On December 3, 2004, Judge Jennifer D. Bailey de-

nied Mr. Bleau's motion for admission *pro hac vice* in the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County. That decision is discussed in greater detail below. Mr. Bleau specializes in representing gas station dealers/franchisees in Petroleum Marketing Practices Act cases, such as the instant case.

## I. *Pro Hac Vice Admission in the Southern District of Florida*

A. Southern District of Florida's Special Rules *Governing the Admission and Practice of Attorneys*

Rule 4 of the Southern District of Florida's Special Rules Governing the Admission and Practice of Attorneys governs the admission of an attorney for special or limited appearance. The rule provides that any attorney who is a member in good standing of the bar of any United States Court, but is not admitted to practice in the Southern District of Florida may, upon written application, be permitted to appear and participate in a particular case. S.D. Fla. Att'y Admis. & Prac. R. 4 (2005). A certification that the applicant has studied the local rules must accompany such application together with an appearance fee. *Id.*, The application must designate a member of the bar of this Court who maintains an office in this District for the practice of law with whom the Court and opposing counsel may readily communicate regarding the conduct of the case and upon whom papers shall be served. *Id.* The application must be accompanied by a written statement consenting to the designation, and the address and telephone number of the named designee. *Id.* The record shows that Mr. Bleau's motion to appear *pro hac vice* satisfies these criteria. Defendants, however, oppose Mr. Bleau's motion to appear *pro hac vice* based on their past litigation experience with Mr. Bleau.

B. *The Standard for Denial of Admission Pro Hac Vice*

In *Schlumberger Technologies, Inc. v. Wiley,* 113 F.3d 1553 (11th Cir.1997) the Eleventh Circuit set forth both the procedural and substantive requirements of denying a pretrial motion to appear *pro hac vice.* Procedurally, if the Court has evidence of behavior that it believes justifies a denial of admission *pro hac vice,* the court must provide the attorney with adequate notice of the ethical charges against him and the court must set a hearing on the issue. *Schlumberger,* 113 F.3d at 1559.

> Substantively,
> Admission to a state bar creates a presumption of good moral character that cannot be overcome merely by the whims of the District Court. An applicant for admission *pro hac vice* who is a member in good standing of a state bar may not be denied the privilege to appear except on a showing that in any legal matter, whether before the particular district court or in another jurisdiction, he has been guilty of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the court.

*Schlumberger,* 113 F.3d at 1559 (citing *In re Evans,* 524 F.2d 1004, 1007 (5th Cir. 1975)).

## II. *Analysis*

Thus, the question before this Court is whether Mr. Bleau's prior conduct was of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the Court.

A. *The California Litigation*

In *VALU GAS INC., et al. v. EQUILON ENTERPRISES, LLC, et al.,* BC 260592, 2003 WL 23985012 (Cal.Super.2003) (the "*Valu Gas* litigation"), Defendants moved

for a new trial based *inter alia* on an irregularity in the trial proceedings. By June 17, 2003 Order, Judge Haley J. Fromholz determined that Plaintiff's counsel had caused an irregularity in the proceedings sufficient to warrant a new trial. *See* June 17, 2003 Order at ¶ A, Exh. D to Mot. to Appear *Pro Hac Vice.* Plaintiff's counsel had prepared and used a document marked as Exhibit 110 in his final argument. *Id.* at ¶ A1. Judge Fromholz found that the compilation of damages calculations contained in Exhibit 110 were not adequately supported by the evidence and should not have been shown to the jury. *Id.* Furthermore, Judge Fromholz found that Exhibit 110 was included in the evidence provided to the jury for use in deliberation, though the document had not been admitted into evidence. *Id.* at ¶ A 2. "The presence of the exhibit in the jury room irredeemably tainted the verdict." *Id.* The court also granted a new trial on the grounds that the damages award was excessive and not supported by substantial evidence. *Id.* at ¶ B. Judge Fromholz further ordered Plaintiffs and Plaintiffs' counsel to show cause as to why they should not be ordered to pay sanctions for the use of Exhibit 110. *Id.* at 5.

On July 14, 2003, the court ordered Plaintiffs' counsel, Bleau, Fox & Fong, to pay sanctions in the amount of $25,000 to counsel for Defendants for misuse of Exhibit 110 during final argument and for procuring its inclusion in the evidence given to the jury for use in their deliberations. *See* July 14, 2003 Order at 4, Exh. E to Mot. to Appear *Pro Hac Vice.* The court found that Mr. Bleau's explanation, that Defense counsel had agreed to the admission of Exhibit 110 into evidence, was not credible. *Id.* The court further found that Mr. Bleau did not have a reasonable belief that defense counsel had consented to admission of Exhibit 110 into evidence, or a belief that the document set forth an accurate statement of the lost good will as supported by the testimony of Plaintiffs' experts. *Id.*

Plaintiffs' counsel moved for reconsideration of the order granting a new trial. In an August 4, 2003 order, Judge Fromholz denied the motion for reconsideration but *sua sponte* reduced Mr. Bleau's sanctions to $2,500. *See* August 4, 2003 Order at 3, Exh. E to Mot. to Appear *Pro Hac Vice.*

Plaintiffs' counsel appealed to the Court of Appeals of the State of California, Second Appellate District. *See* April 26, 2005 Order, Exh. F to Mot. to Appear *Pro Hac Vice.* The Court of Appeals held that the trial court did not abuse its discretion in granting the motion for a new trial. *Id.* at 13. The court found that "based solely on Exhibit 110 and apart from other grounds relied upon by the trial court, the trial court did not abuse its broad discretion in granting the motion for a new trial." *Id.* at 16 (internal citations omitted).

## B. *The Florida Litigation*

■ In *Baypoint Oil Corp. et al. v. Motiva Enterprises, LLC, et al.,* Case No. 03–03572–CA–01 (Fl.Cir.Ct.2004) (the *"Baypoint* litigation") Judge Jennifer Bailey denied the motion by Thomas Bleau to appear *pro hac vice* in the Circuit Court of the Eleventh Judicial Circuit in and for Miami–Dade County. *See* December 3, 2004 Order, Exh. G to Mot. to Appear *Pro Hac Vice.* Defendants opposed Mr. Bleau's admission based primarily on his actions in the *VALU GAS* litigation. In light of the "troubling history" presented to her, Judge Bailey examined the record in the case before her. *Id.* at 8. Upon examination of the record in the case before her, Judge Bailey became aware that despite having not been admitted to practice in Florida, Mr. Bleau had signed pleadings and conducted or participated in depositions in violation of the rules governing the Florida Bar and the Unauthorized Practice

of Law Rules. *Id.* at ¶ 11. Additionally, Judge Bailey noted that Mr. Bleau had filed a personal affidavit in opposition to summary judgment asserting that he was admitted *pro hac vice* in Florida. *Id.* Judge Bailey found that Mr. Bleau had misrepresented under oath his status before her court. *Id.* Judge Bailey denied Mr. Bleau's admission because Mr. Bleau's participation in this litigation, without being sure that his admission *pro hac vice* had been approved, demonstrated a disregard for the integrity of the proceedings and a disregard for and failure to abide by the Florida Rules of Professional conduct even before he was admitted to the court. *Id.* at ¶ 15a. Judge Bailey further found that Mr. Bleau's conduct in the California case would have violated several Florida rules of Professional Conduct including but not limited to Candor to the Court. *Id.* at ¶ 15b. Moreover, Judge Bailey noted that Mr. Bleau failed to disclose Judge Fromholz's disciplinary sanction against him in the *VALU GAS* litigation. *Id.* This disciplinary sanction should have been disclosed under the Rules Regulating the Florida Bar, Rule 1–3.2 as well as Florida Rule of Judicial Administration 2.060(b)(3), which requires that an attorney "disclose all jurisdictions in which the attorney has been disciplined in any manner in the preceding 5 years." *Id.* Judge Bailey further found that Rule 1–3.10(a)(3) of the Rules Regulating the Florida Bar prohibit the admission of any foreign attorney who has been "disciplined or held in contempt by reason of misconduct while engaged in

representation." *Id.* at ¶ 15c. Judge Bailey found that Judge Fromholz's sanction against Mr. Bleau met that standard. *Id.* Judge Bailey subsequently denied Plaintiffs' counsel's motion for reconsideration. *See* February 7, 2005 Order, Exh. G to Mot. to Appear *Pro Hac Vice.*

The Florida Bar opened an investigation into Mr. Bleau for the unlicensed practice of law. This investigation was closed based on the acceptance of Mr. Bleau's cease and desist affidavit. *See* Exh. H to Mot. to Appear *Pro Hac Vice.*

### C. *The Instant Case* [1]

■ "Where the district court's disqualification order is based on an allegation of ethical violation, the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power. The court must clearly identify a specific Rule of Professional conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule . . . ." *Schlumberger* 113 F.3d at 1561.

S.D.Fla. Local Rule 11.1(C) states in relevant part:

Professional Conduct: The standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating the Florida Bar.

This Court finds that by his conduct in the *VALU GAS* litigation Mr. Bleau violated various Rules Regulating the Florida Bar including: Rule 4–3.4(b) (a lawyer

---

1. Plaintiffs' counsel argues that this court should be persuaded by the fact that Mr. Bleau was recently admitted *pro hac vice* by the District Court for the Eastern District of Louisiana. In *Liberty Shell, Inc. et al v. Shell Oil Co., et al.,* Case No. 04–1770–K–M4. *See* May 17, 2005 Order, Exh. J to Mot. to Appear *Pro Hac Vice.* Mr. Bleau moved for admission *pro hac vice* and Defendants opposed his admission advancing the same arguments that are advanced in this case. The court concluded that even if all of the facts alleged by Defendant counsel were true, Mr. Bleau's conduct did not rise to a level warranting disbarment or criminal conduct. *Id.* at 5. The court thus concluded that Mr. Bleau's application for admission *pro hac vice* must be accepted. *Id.* Most respectfully, this Court is not persuaded and is certainly not bound by the determination of the District Court for the Eastern District of Louisiana.

shall not fabricate evidence), Rule 4–3.4(e) (a lawyer shall not in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence ....), Rule 4–3.5(a) (a lawyer shall not seek to influence a juror except as permitted by law or the rules of court), Rule 4–8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct), Rule 4–8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and Rule 4–8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice).

The Court further finds that through his conduct in the *Baypoint* litigation, Mr. Bleau violated the following Rules Regulating the Florida Bar: Rule 4–3.3(a)(1) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal), Rule 4.5–5(a) (a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction), Rule 4–8.4(a) (a lawyer shall not violate or attempt to violate the Rules of Professional Conduct), and Rule 4–8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

This Court finds that Mr. Bleau's conduct in the above-mentioned cases constituted "unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of [this] district court[.]" *Schlumberger,* 113 F.3d at 1562–63; *see also, Fla. Bar v. Springer,* 873 So.2d 317, 321 (Fla.2004) (citing Fla. Stds. Imposing Law. Sancs. 4.41 5.11(f) disbar-

ment appropriate when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice).[2] Accordingly, based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff P.G. Oil Corp.'s Motion for Thomas P. Bleau to Appear as Counsel *Pro Hac Vice* (DE # 14) is DENIED.

---

2. Although not necessary to the legal analysis of Mr. Bleau's motion, this Court nevertheless undertook an inquiry of counsel at the October 14, 2005 hearing regarding any prejudice to Plaintiff in the event Mr. Bleau's motion was denied. While I am respectful of Plaintiff's desire for counsel of choice, I am satis-

fied that the issues raised by the pleadings are neither so complex nor the availability of other competent counsel so lacking, that Plaintiff will suffer any unfair prejudice from being required to retain counsel unencumbered by Mr. Bleau's "fast and loose" practices.