United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51714

In Re: DAVID MARK CONRAD

Petitioner

Petition for Writ of Mandamus to the United States District Court
for the Western District of Texas, El Paso
No. 3:05-CV-336

Before KING, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

The district court denied petitioner David Mark Conrad's motion to appear pro hac vice and his motion for reconsideration without giving reasons. Conrad now seeks a writ of mandamus compelling the district court to admit him pro hac vice or alternatively to conduct a hearing on his motion. We think it would be helpful, in ruling on Conrad's petition, to have the district court's reasons for the denial of Conrad's motion. Accordingly, we invite the district court to address the petition and to state its reasons for denying Conrad's motion. See FED. R. APP. P. 21(b)(4) ("The court of appeals may invite or order the trial-court judge to address the petition [for writ of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandamus] . . . ."). We suggest (and it is only a suggestion) that the court address the following points because we believe it would be helpful in our consideration of Conrad's petition.

First, under In re Evans, 524 F.2d 1004 (5th Cir. 1975), when an attorney "who is a member in good standing of a state bar" moves before trial to appear pro hac vice, the district court must grant the motion unless it finds that the attorney has engaged in conduct that would justify disbarment. Id. at 1007. Such a finding cannot be made absent notice and a hearing on the record at which the attorney has the opportunity to defend his professional reputation. Id. at 1008.

According to Conrad's petition, the Supreme Court of Texas has admitted him to practice under a two-year probationary license, due to his chemical (alcohol) dependency. Probationary licenses are permitted by § 82.038 of the Texas Government Code, which was enacted in 1991 in order to "provide a sensitive method for dealing with the difficult problem of chemical dependency in the [legal] profession." Unglaub v. Bd. of Law Examiners, 979 S.W.2d 842, 846 (Tex. App.—Austin 1998, pet. denied). Under this provision, the Texas Board of Law Examiners ("Board") may not deny a law license to a person "solely because the person . . . suffers from chemical dependency." Tex. Gov't Code Ann. § 82.038(d)(1) (Vernon 2005); see also TEX. R. GOVERN. BAR ADM'N XVI(b). Instead, the Board may recommend that an applicant receive a two-year probationary license to practice law upon a

finding that the applicant presently suffers from chemical dependency.  Unglaub, 979 S.W.2d at 846; see also TEX. R. GOVERN. BAR ADM'N XV(h)(3) (West 2005).  The probationary license may be revoked only if the attorney violates the conditions of the order granting the license or if he otherwise engages in conduct justifying disbarment.  See Tex. Gov't Code Ann. § 82.038(h).  After the two-year probationary period expires, the Board may, upon a finding that the licensee has successfully completed treatment and has been free from chemical dependency for the preceding two years, recommend the issuance of a regular license.  See id. § 82.038(f); TEX. R. GOVERN. BAR ADM'N XVI(g)(1).  The Board may recommend an extension or non-renewal of the probationary license only upon a finding that the licensee violated a condition of the probation.  See TEX. R. GOVERN. BAR ADM'N XVI(g)(2).

Additionally, the Board found in its order recommending Conrad's probationary license that Conrad "possess[es] conditionally the present good moral character and fitness required for admission to the practice of law in Texas," which finding was "predicated on [Conrad's] compliance with the conditions of th[e] order."  The order enumerates as one of the twenty-one conditions that Conrad "remain in good standing and on active status with the State Bar of Texas throughout the term of his probationary license."  As we understand Conrad's status, he is fully entitled to practice law in the courts of Texas provided

-3-

that, as he averred in his declaration (under penalty of perjury) attached to his September 26, 2005 motion to reconsider, he is in compliance with the conditions of his probation.

Second, it appears to us that Conrad's motion to appear pro hac vice may be affected, and perhaps resolved, by the proposed amendments to Western District of Texas Local Rule AT-1, assuming that the amendments are approved by the Fifth Circuit Judicial Council without change. The new Local Rule AT-1(f)(1) would permit "[a]n attorney who is licensed by the highest court of a state or another federal district court" to appear pro hac vice in the Western District of Texas "by permission of the judge presiding." Conrad is a member in good standing of the bar of the Southern District of Texas (according to his petition and the records of that court), and he thus appears to lie within the new rule's scope.

Finally, we note that the district court retains jurisdiction over this matter, even while Conrad's petition remains pending before us. See Woodson v. Surgitek, Inc., 57 F.3d 1406, 1416 (5th Cir. 1995) ("As a general rule, a perfected appeal from a final judgment or reviewable order of a district court does vest jurisdiction in the appellate court and terminates the jurisdiction of the district court. This rule does not apply to petitions for writ of mandamus."). Therefore, if in considering our request the district court decides that Conrad's motion should be granted, it may vacate its prior order

-4-

and issue a new order admitting him <u>pro hac vice</u>.  If the district court does so, we ask that the court notify us of its action in lieu of addressing Conrad's petition.

For the foregoing reasons, the district court is invited to address the petition for writ of mandamus pursuant to Rule 21(b)(4) of the Federal Rules of Appellate Procedure.  If the district court opts to address the petition, it may file its comments with the clerk of court within 30 days of the date of this order.

RESPONSE REQUESTED PURSUANT TO FED. R. APP. P. 21(b)(4).