# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50984

United States Court of Appeals
Fifth Circuit

**FILED**
May 5, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

OSCAR SOTO,

Defendant–Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-947-2

Before DENNIS and PRADO, Circuit Judges, and BROWN,* District Judge.

PER CURIAM:**

Defendant–Appellant Oscar Soto ("Soto") appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine. Soto alleges, as the sole ground on appeal, that the district court violated his Sixth Amendment right to choose counsel when it denied *pro hac vice* admission to his counsel of choice. We affirm.

---

\* District Judge of the Eastern District of Louisiana, sitting by designation.

\** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50984

## I.   BACKGROUND

Soto was charged in a multi-count indictment and assigned an attorney under the Criminal Justice Act ("CJA").  With the assistance of CJA counsel, Soto entered a waiver of appearance at arraignment and a plea of not guilty. After the district court granted three oral motions for continuances, Soto filed a motion on September 29, 2011, to substitute David Martinez ("Martinez") as his retained counsel.  Martinez, who was licensed by the state bar of Texas and licensed to practice in the United States District Court for the Northern District of Texas, concurrently filed a motion for admission *pro hac vice* to represent Soto in the United States District Court for the Western District of Texas (hereinafter the "Western District").

The Local Court Rules of the Western District govern the admission of attorneys.  Relevant here, Local Court Rule AT-1(f)(1) provides:

> ***In General.***  An attorney who is licensed by the highest court of a state or another federal district court, but who is not admitted to practice before this court, may represent a party in this court pro hac vice only by permission of the judge presiding.  Unless excused by the judge presiding, an attorney is ordinarily required to apply for admission to the bar of this court.

On October 13, 2011, the district court denied both motions.  As to Martinez's motion for admission *pro hac vice*, the district court found that Martinez had appeared previously *pro hac vice* in the Western District:

> In 2006 the Honorable David Briones granted Martinez's application for admission *pro hac vice* in cause number EP-06-CR-1149-DB, and ordered Martinez to apply for admission to practice in the Western District within sixty days of that Order.  In that Order, Judge Briones admonished Martinez that if he failed to do so he would not be allowed to appear in the Western District until he was formally admitted.

In light of this finding, the district court denied the motion for admission because, "[a]s of this day, Martinez has not followed Judge Briones's directive."

2

No. 12-50984

"Martinez," the district court continued, "will not be allowed to appear on behalf of Oscar Soto until he has been formally admitted to practice in the Western District." The district court then denied Soto's motion to substitute counsel because Martinez was not admitted to appear in the Western District.

On December 20, 2011, Soto entered a plea agreement and subsequently pleaded guilty to one count of the indictment. Soto agreed not to contest his sentence on appeal or collateral attack unless the sentence was the result of ineffective assistance of counsel or prosecutorial misconduct. After the district court entered judgment of conviction and sentenced Soto to a term of imprisonment, Soto timely appealed the judgment, asserting that the district court denied his Sixth Amendment right to counsel of his choice.

## II.    JURISDICTION AND WAIVER

Soto seeks review of a final decision of the district court entering a judgment of conviction and a sentence of imprisonment. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Additionally, Soto has not waived this appeal because the Government has not attempted to enforce the appeal waiver in Soto's plea agreement. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) (holding that an appeal waiver is enforceable "to the extent that" the Government invokes it, and "[i]n the absence of the [G]overnment's objection to [the appellant's] appeal based on his appeal waiver, the waiver is not binding."). In any event, as the Government concedes, *United States v. Sanchez Guerrero*, 546 F.3d 328 (5th Cir. 2008), holds that a waiver of appeal does not apply to this Court's consideration of whether the district court erroneously denied the defendant the right to counsel of his choice. *Id.* at 332.

## III.    STANDARD OF REVIEW

The parties dispute the appropriate standard of review. Soto cites *United States v. Vaquero*, 997 F.2d 78 (5th Cir. 1993), and argues that this

3

Court should review his Sixth Amendment claim for "simple error." The Government contends that this Court should review for abuse of discretion. We agree and hold that the appropriate standard of review is abuse of discretion.

In *Sanchez Guerrero*, this Court considered whether a district court denied a defendant his right to counsel of choice when it disqualified his attorney for a conflict of interest even though the defendant signed a conflict waiver. 546 F.3d at 330–31. The Court noted that "a string of Fifth Circuit cases" have relied on *Wheat v. United States*, 486 U.S. 153, 163 (1988), to hold that "the correct standard for reviewing a district court's disqualification of a defense attorney for conflict of interest is abuse of discretion." *Sanchez Guerrero*, 546 F.3d at 332–33 (citing cases). Rejecting the defendant's argument for "simple error" review, the Court distinguished *Vaquero* on the ground that "it involved the question of whether a waiver of conflicts of interest actually waived the defendant's rights, not whether disqualification was appropriate." *Id.* at 333 (citing *Vaquero*, 997 F.2d at 89–92). The Court concluded that "[o]nly if the district court has abused its substantial discretion in this area will we reverse the decision on appeal." *Id.*

Similarly, in considering "the defendant's qualified right to choose his own counsel," this Court reviewed for abuse of discretion "the trial court's refusal to hear the defendant through his chosen counsel," noting that:

> Indeed, this has always been our standard of review in cases of this sort. In the context of court-appointed counsel, for example, a panel of this court has held that the question of whether to appoint new counsel for a defendant is within the sound discretion of the trial court, and has gone on to uphold the court's use of that discretion. *United States v. Young*, 482 F.2d 993 (5th Cir. 1973). And even when a defendant seeks to retain new counsel in replacement of his court-appointed counsel, a trial judge may,

within his discretion, disallow it. *United States v. Sexton*, 473 F.2d
512 (5th Cir. 1973).

*United States v. Dinitz*, 538 F.2d 1214, 1219–20 & n.7 (5th Cir. 1976) (en banc).

Here, the district court's denial of Martinez's *pro hac vice* motion is more
closely aligned to the contexts in *Sanchez Guerrero* and *Dinitz*—and the cases
cited therein—than to the acceptance of defendant's waiver of conflict-free
counsel in *Vaquero*. Moreover, the *Vaquero* opinion cited *United States v.
Snyder*, 707 F.2d 139, 144 (5th Cir. 1983), as precedent for "simple error"
review, but *Snyder* has been superseded by *Wheat*. *Compare Vaquero*, 997 F.2d
at 89 (citing *Snyder*, 707 F.2d 139, 144 (5th Cir. 1983)), *with Sanchez Guerrero*,
546 F.3d at 333 ("[Snyder's] holding on the standard of review has been
superceded by *Wheat* and the resulting cases from this court."). Accordingly,
we review for abuse of discretion whether the district court properly denied
Martinez's *pro hac vice* motion.

## IV.    DISCUSSION

An element of the Sixth Amendment right to counsel "is the right of a
defendant who does not require appointed counsel to choose who will represent
him." *United States v. Gonzalez–Lopez*, 548 U.S. 140, 144 (2006). The right to
counsel is circumscribed in many respects, however. Among them, the Sixth
Amendment right to counsel "does not grant a defendant the right to have
counsel who is not admitted to the bar. The right to counsel is a right to be
represented by a member of the Bar, who has been admitted to practice before
the court in which he appears." *United States v. Price*, 798 F.2d 111, 113 (5th
Cir. 1986) (internal footnotes and citations omitted); *see also Wheat*, 486 U.S.
at 159 ("Regardless of his persuasive powers, an advocate who is not a member
of the bar may not represent clients (other than himself) in court."). The
Supreme Court recently reaffirmed that "[n]othing [in our opinion] today casts
any doubt or places any qualification upon our previous holdings that limit the

right to counsel of choice and recognize the authority of trial courts to establish criteria for admitting lawyers to argue before them." *Gonzalez–Lopez*, 548 U.S. at 151. That authority is not without its limits, for "[a]ny rule . . . that unnecessarily restricts a litigant's choice of counsel in civil rights litigation cannot be sustained." *Sanders v. Russell*, 401 F.2d 241, 246 (5th Cir. 1968); *see In re Evans*, 524 F.2d 1004, 1007 (5th Cir. 1975) (extending *Sanders* to fee-generating cases).

The crux of Soto's argument on appeal is that the district court denied Martinez *pro hac vice* admission "for reasons that appear to be provincial rather than for reasons pertaining to counsel's competence," and that there should be no concerns about compliance with local customs because Martinez was prepared to hire local counsel.[1] Without a single citation to authority, Soto contends that "[t]he Supreme Court cases that discuss limitations on the right to counsel are premised on the competence of the lawyer, and the Sixth Amendment right to counsel of one's choice should supercede concerns about provincialism and familiarity with the court. The Constitutional right asserted in this case should prevail." In other words, Soto argues that the local rule requiring *pro hac vice* applicants to also apply for admission to the Western District—and Judge Briones's order enforcing that rule—is "unnecessarily"

---

[1] Soto also argues that: (1) the district court should have been more sympathetic to the fact that he lived outside the Western District of Texas and, thus, expectedly wanted to be represented by an attorney from his own community; and (2) in light of the vastness of the Western District, Judge Briones should not be allowed to enter an order that affects so many courts. Soto fails to explain or cite any case law in support of these arguments and we decline to consider them. *See, e.g.*, *In re Repine*, 536 F.3d 512, 518 n.5 (5th Cir. 2008) (finding argument waived "due to inadequate briefing" where appellant "fail[ed] to explain" the argument and did not "cite any authority to support her position" (citing *L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994))).

restrictive simply because the "provincial" rule does not concern the attorney's competence.[2] We disagree.

The Sixth Amendment right to counsel does not inescapably trump a district court's local bar admission requirements. As later reaffirmed by the Supreme Court's recognition of "the authority of trial courts to establish criteria for admitting lawyers to argue before them," *Gonzalez–Lopez*, 548 U.S. at 151, this Court has stated:

> There is some point short of allowing a defendant complete freedom in choosing his own counsel at which the Sixth Amendment's prescription is satisfied. To hold otherwise would necessarily condemn, for example, even local bar admission requirements, and no one would seriously maintain that the Sixth Amendment requires that.

*Dinitz*, 538 F.2d at 1219. Indeed, this Court has recognized a district court's "valid interest in regulating the qualifications and conduct of counsel, their availability for service of court papers, and their amenability to disciplinary proceedings." *Sanders*, 401 F.2d at 245 (citation omitted).

In light of the district court's authority and these recognized interests, Soto's argument—that the Sixth Amendment right to counsel yields only to counsel's competence—fails. First, to admit Martinez *pro hac vice* based solely on his competence would excuse him from having to, for example, use the court's form for application *pro hac vice* or pay the prescribed fee. *See* Local

---

[2] Soto appears to challenge only the application of the local rule. He does not appear to argue that the district court improperly *disqualified* Martinez. Nor could he—the district court did not reach Martinez's qualifications because he failed to follow the Western District's Local Court Rules governing *pro hac vice* admission. Thus, we distinguish Martinez's procedural defect from our precedent where a district court denied an attorney's appearance based upon the attorney's substantive qualifications. *See, e.g.*, *United States v. Nolen*, 472 F.3d 362, 374–76 (5th Cir. 2006) (remanding to the district court where the court revoked *pro hac vice* admission based upon unethical behavior without "explicating the process on the record"); *In re Evans*, 524 F.2d at 1007–08 (requiring an evidentiary hearing on the record when denying *pro hac vice* admission based upon unethical behavior).

Court Rule AT-1(f).  Yet "no one would seriously maintain that the Sixth Amendment" disposes of these local rules for *pro hac vice* admission simply because they do not concern competence.  Second, Soto wholly fails to consider whether the local rule at issue could also serve the district court's valid interest in "decorum, dignity, . . . good character or amenability to service and discipline."  *Sanders*, 401 F.2d at 246.  We therefore reject Soto's wholesale challenge to local rules that do not concern an attorney's competence, and we need not decide whether the rule at issue here serves the district court's valid interests.  It suffices to hold that Soto's exaltation of his right to counsel, based solely upon the attorney's competence, "would necessarily condemn" the Western District's Local Court Rules governing admission.

Accordingly, the district court did not abuse its discretion when it enforced its local rules in denying Martinez's *pro hac vice* admission.

## V.    CONCLUSION

We AFFIRM the district court's judgment and sentence.