NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re BEN WILLIAMS,**
*Petitioner*

---

2025-124

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Louisiana in No. 3:16-cv-00777-TAD-JPM, Judge Terry A. Doughty.

---

## ON PETITION AND ON MOTION

---

Before TARANTO, WALLACH, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

### O R D E R

Ben Williams petitions for a writ of mandamus directing the United States District Court for the Western District of Louisiana to vacate its order denying his motion for leave to appear *pro hac vice* in *Luv n' care Ltd. v. Laurain*, No. 3:16-cv-777 (W.D. La.).  Mr. Williams also moves to stay district court proceedings pending resolution of his petition.  We deny the petition and the motion.

Following remand from this court, *see Luv n' care, Ltd. v. Laurain*, 98 F.4th 1081 (Fed. Cir. 2024), the district court

concluded that Eazy-PZ, LLC's asserted patent (U.S. Patent No. 9,462,903) was unenforceable based on inequitable conduct.  Of relevance here, the court found Mr. Williams committed misconduct during prosecution of the '903 patent.[1]  On March 9, 2025, Mr. Williams sought leave to appear *pro hac vice* to represent Eazy-PZ, LLC.  Luv n' care, Ltd. and Nourie E. Hakim opposed based on the district court's finding of inequitable conduct.  Without a hearing on the motion, the district court on March 21, 2025, denied Mr. Williams's motion based on that finding.  Mr. Williams then filed this petition and motion seeking a stay.[2]

Mr. Williams here primarily contends that the district court erred in denying his motion for leave to appear *pro hac vice* without a hearing and an adequate opportunity to defend himself against the allegations.  In support, he cites *In re Evans*, 524 F.2d 1004, 1008 (5th Cir. 1975), which states: "If a District Court has evidence of behavior that it believes justifies denying an attorney admission *pro hac vice*, it must set a hearing date and give the attorney adequate notice of all incidents of alleged misbehavior . . . . The hearing must be on the record and present the attorney with adequate opportunity to defend himself and his professional reputation." (emphasis added).  But it does not appear that Mr. Williams has yet presented that case and related argument to the district court or that doing so would be futile.

---

[1]    Mr. Williams moved to intervene in the case to defend against the allegations of inequitable conduct related to his activities, which the district court denied on November 14, 2024.  Mr. Williams did not appeal.

[2]    We have jurisdiction over Mr. Williams's petition under 28 U.S.C. §§ 1295(a)(1), 1651(a).  *See In re Princo Corp.*, 478 F.3d 1345, 1351–52 (Fed. Cir. 2007).

Under the circumstances, we deem it the better course to deny Mr. Williams's mandamus petition without prejudice to him first moving the district court for reconsideration of its order denying leave to appear *pro hac vice*. *See In re BigCommerce, Inc.*, 890 F.3d 978, 982 (Fed. Cir. 2018) ("[T]he availability of seeking reconsideration ordinarily weighs heavily against granting a writ" of mandamus unless such a request "would have been futile."). Any new petition for mandamus that may be filed from the district court's ruling on reconsideration will be considered on its own merits.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is denied.

(2) The motion for a stay pending resolution of the petition is denied as moot.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

April 4, 2025
Date